IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSHUA C.P., | CV 21–43–M–DWM |
| Plaintiff, | |
| v. | OPINION and ORDER |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of a final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income benefits under Title XVI. The Commissioner's denial of benefits is affirmed.

### LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the Administrative Law Judge's ("ALJ") findings are based on legal error or not supported by substantial evidence in the record. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Id.*

1

(internal quotation marks omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted).  "If evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the ALJ. *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998).  Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless; that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (internal quotation marks omitted).

A claimant for disability benefits bears the burden of proving that disability exists.  42 U.S.C. § 423(d)(5).  Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled only if his impairments are so severe that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other substantial gainful activity in the national economy.  42 U.S.C. §§ 423(d)(2)(A),

2

1382c(a)(3)(B); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In determining disability, the ALJ follows a five-step sequential evaluation process. *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520(a)(4)(i)-(v). The process begins, at the first and second steps, "by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments." *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). "If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement." *Id.* "If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functioning capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work." *Id.* At step five, the burden shifts to the Commissioner. *Tackett*, 180 F.3d at 1098. "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Id.*

## BACKGROUND

On October 23, 2017, Plaintiff protectively filed an application for disability insurance benefits and supplemental benefits as of January 31, 2017. *See* AR 239, 232 (supplemental application filed on November 16, 2017). Both claims were initially denied on June 11, 2018, and upon reconsideration on October 10, 2018.

3

*See* AR 15.  A hearing was held via teleconference on August 18, 2020 before ALJ

Michele M. Kelley.  AR 38–68.  Plaintiff testified, as did vocational expert Anne

Arrington.  *See id.*  Plaintiff was represented by an attorney.  *Id.*

On September 17, 2020, the ALJ issued a decision denying benefits.  AR

15–31.  Plaintiff was 39 years old at the time of the alleged onset date.  AR 30.  At

step one, the ALJ found Plaintiff met the insured status requirements of the Social

Security Act through June 30, 2022.  AR 17.  She also found Plaintiff has not

engaged in substantial gainful activity since January 31, 2017, the alleged

disability onset date.  AR 17–18.  At step two, the ALJ found Plaintiff had the

following severe impairments: degenerative disc disease of the lumbar spine;

depressive disorder; somatoform disorder; and a personality disorder.  AR 18.  The

ALJ also found that Plaintiff suffered from a left ankle sprain in June 2014 but

concluded it was non-severe.  AR 18.  At step three, the ALJ found Plaintiff did

not have an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments.  AR 18–21.

The ALJ found Plaintiff had a residual functioning capacity ("RFC") to

perform light work, specifically:

> he can lift/carry/push/pull 20 pounds occasionally, and 10 pounds
> frequently.  He can stand and/or walk for four hours in an 8-hour
> workday with normal breaks, and can sit for six hours in an 8-hour
> workday with normal breaks.  Normal breaks are defined as breaks
> occurring every two hours with two breaks lasting at least 10 minutes,
> and one lasting at least 30 minutes.  The claimant can occasionally

climb ramps or stairs.  He can occasionally balance, stoop, kneel,
crouch, and crawl.  He can never climb ladders, ropes, or scaffolds.  The
claimant can understand, remember, and carry out simple tasks, and can
maintain attention, concentration, persistence, and pace for such tasks
for an 8-hour workday and 40-hour workweek.  He can tolerate
occasional interaction with supervisors, co-workers, and the public.  He
can tolerate usual simple work situations.  He can tolerate occasional
changes in a routine work setting.

AR 21.  Based on this RFC, the ALJ determined at step four that Plaintiff cannot

perform any past relevant work.  AR 29–30.  At step five, the ALJ found that

Plaintiff could perform other work existing in the national economy—silver

wrapper, office helper, or assembler of electronic accessories—despite the above

mental and physical limitations.  AR 30–31.  The ALJ therefore concluded that

Plaintiff was not disabled.  AR 31.

On March 4, 2021, the Appeals Council denied Plaintiff's request for

review, AR 1–3, making it final.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d

1157, 1161–62 (9th Cir. 2012).  On April 8, 2021, Plaintiff appealed that decision

to this Court. (Doc. 2.)  The Commissioner filed the certified administrative record

on June 24, 2021.  (*See* Doc. 9.)  The matter was fully briefed as of September 10,

2021, as Plaintiff did not file a reply brief.  (*See* Docs. 11, 13.)

## ANALYSIS

On January 31, 2017, Plaintiff sustained a work-related injury when he fell

from a 4-foot ladder.  AR 22.  Although his initial injury was limited to his right

elbow, he eventually sought and received care for back pain.  *See* AR 22–23.

5

Although his application regards a number of physical and mental conditions, his back pain is the focus of this administrative appeal. *See* AR 22–24. However, Plaintiff's brief contains only conclusory arguments devoid of both record and legal citations. (*See* Doc. 11-1.) And, as recommended by the Commissioner, the Court "decline[s] to fill the void in Plaintiff's analysis or craft arguments on his behalf." (Doc. 13 at 7.) Ultimately, the ALJ's non-disability determination is supported by substantial evidence.

## I.    Subjective Testimony

Plaintiff first argues that the ALJ erred in rejecting his subjective testimony regarding the severity of his symptoms. Because Plaintiff has shown that he suffers from a medically established back impairment that could reasonably be expected to produce his symptoms, his subjective testimony about his back pain can be rejected only for "specific, clear and convincing reasons." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). The ALJ met that standard.

Plaintiff testified that he is unable to work because of chronic back pain. *See* AR 49–52. He has "good days" and "bad days" and on "bad days" he "can't hardly even get out of bed because [his] back and hip and legs are hurting and throbbing," which brings him to his knees in pain. AR 49. He walks with a cane every day but, on a "good day," can make it to the nearby mini-mart. AR 50.

6

Plaintiff explained that "bad days" make up approximately 17 days out of every month.  AR 52.  He also testified that he cannot work at a desk because sitting causes intense back pain and his medications make him drowsy.  AR 51.  Plaintiff argues that it was error for the ALJ to reject this evidence based on the fact that "Plaintiff went to the store for cigarettes" when the store was only a block and a half away and it took him 15 minutes to "shuffle" there.  (Doc. 11-1 at 10.)  This argument is not persuasive.

While the ALJ noted that Plaintiff would go to the store daily to buy cigarettes, *see* AR 25, 26, this was far from the only ground on which the ALJ relied to reject Plaintiff's subjective symptoms.  As far as the medical evidence was concerned, the ALJ noted the absence of consistent evidence of muscle spasm, absence of evidence of nerve root impingement or significant spinal stenosis on imaging, medical testimony that Plaintiff's pain was out of proportion with imaging studies, the absence of surgery or inpatient hospital stays, and the absence of any treatment after June 2019.  *See* AR 23.  In regard to Plaintiff's daily activities, the ALJ further noted that Plaintiff drives a car, does household chores (such as mowing his lawn), completes woodworking projects, uses the elliptical at the gym, and walks his dog.  *See* AR 25.  Plaintiff also completed two Function Reports, one in January 2018 and one in August 2018.  *See* AR 290–98, 317–25. Both of those reports indicate that Plaintiff lives alone, AR 291; takes care of pets,

7

AR 292, 319; showers and shaves, AR 292, 319; prepares his own meals, AR 293,

320; does chores such as laundry, dishes, and vacuuming, AR 293, 319, 320; gets

groceries, AR 294, 321; and does wood crafts, AR 295, 322.  Plaintiff's daily

activities, while limited, show more functionality than his testimony suggested, and

that functionality translates into a work setting.  *See, e.g., Molina v. Astrue*, 674

F.3d 1104, 1112 (9th Cir. 2012).

Ultimately, the ALJ relied on clear and convincing evidence that undercut

Plaintiff's subjective assessment of his functional abilities.

## II.    Medical Opinions

Plaintiff challenges the ALJ's assessment of his healthcare providers,

although he only identifies one specific provider, Valerie Chyle, APRN.  (*See* Doc.

11-1 at 12.)  That argument lacks legal and factual merit.

### A.    Applicable Regulations

Plaintiff contends that "[t]he ALJ failed to comply with 20 C.F.R.

§ 404.1527 by failing to record adequate weight to the Plaintiff's treating

physician." (Doc. 11-1 at 12.)  However, while claims filed before March 27, 2017

were subject to a "treating physician rule" outlined by § 404.1527, "claims filed on

or after March 27, 2017" are governed by § 404.1520c.  These revised regulations

specifically state "[w]e will not defer or give any specific evidentiary weight,

including controlling weight, to any medical opinion(s) or prior administrative

8

medical finding(s), including those from your medical sources." *Id.* § 404.920c(a).
Rather, the ALJ must consider all medical providers and "evaluate their
persuasiveness" based on the factors of supportability, consistency, relationship to
claimant, and specialization, as well as a treatment provider's familiarity with the
disability program. *See id.* § 416.920c(c). The most important factors are
supportability and consistency. *Id.* § 416.920c(b)(2).

Plaintiff's application was filed on October 23, 2017, *see* AR 239, which
means that it is governed by these revised regulations; nevertheless, Plaintiff's
opening brief relied entirely on the now inapplicable "treating physician rule." The
Commissioner noted as much in its response. (*See* Doc. 13 at 8–9.) Despite that
notice, however, Plaintiff did not file a reply. Accordingly, Plaintiff has not
articulated an argument under the applicable regulations.

**B.    ALJ's Evaluation**

On the merits of the ALJ's consideration of the medical evidence, the ALJ
reasonably found that the opinions of Valerie Chyle, APRN unpersuasive. Plaintiff
argues that the ALJ merely "summarizes the record but does not analyze the
information" relevant to Chyle's opinion, citing the portions of the ALJ decision
describing Plaintiff's daily activity. (*See* Doc. 11-1 at 12 (citing AR 25–26).)
However, Plaintiff fails to cite the portion of the ALJ decision that actually *weighs*
Chyle's opinion. *See* AR 29. Contrary to Plaintiff's characterization, the ALJ

9

devoted at least half of a page to her assessment of Chyle's opinion that Plaintiff could only perform limited, part-time sedentary work or could not work at all. *See* AR 29. The ALJ found that these opinions were not persuasive as they were not consistent with her relatively benign physical exams of Plaintiff or the findings from other medical providers, Plaintiff's lack of recent medical care, Plaintiff's intact neurologic status, and Plaintiff's daily activities. AR 29. Despite the fact that these considerations are consistent with the applicable regulations, *see* 20 C.F.R. § 416.920c(c), Plaintiff once again simply argues that his ability to walk to the store for cigarettes is not dispositive. (*See* Doc. 11-1 at 13.) Plaintiff may be correct; but the ALJ did not rely solely or even heavily on that fact in rejecting Chyle's opinions.

Ultimately, the ALJ applied the correct regulatory framework in her assessment of Chyle's opinions and adequately explained her conclusions based on the relevant considerations.[1]

## C.    Additional Conclusory Arguments

At the end of his medical opinions section, Plaintiff lists the following additional errors by the ALJ:

- failing to "actually explain[] how [SSR 96-7p] was applied to the facts and

---

[1] The ALJ also weighed the opinions of Plaintiff's other providers. *See e.g.*, AR 26–27. Plaintiff does not address any of these providers in his brief.

10

circumstances of this case."

- "fail[ing] to consider all the factors set forth in 20 CFR §§ 404.1529(c)(3)
  and 416.929(c)(3) for evaluating subjective complaints, as required."

- "fail[ing] to even discuss, much less consider, the side effects from the
  Plaintiff's many medications on his ability to work, as required."

- "failing to evaluate the Plaintiff's mental impairment and resulting
  functional limitations as required by 20 CFR § 404.1520a."

(Doc. 11-1 at 13.)  These assertions are devoid of analysis or record citation.  They
are therefore not considered.  *Cf. Indep. Towers of Wash. v. Washington*, 350 F.3d
925, 929–30 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried
in briefs." (internal quotation marks omitted)).

## III.   Consultative Examination

Plaintiff further argues that the ALJ committed reversible error in failing to
order a consultative examination.  The ALJ found that "[t]here is no evidence of
treatment for low back pain after June 2019, a period of more than one year, which
one would expect if the individual were experiencing severe, unrelenting back
pain."  AR 23.  Plaintiff argues that he was in custody at that time, which
"interrupted his private medical treatment and his medical records."  (Doc. 11-1 at
14.)  Plaintiff therefore implies that the ALJ should have asked Plaintiff about the
gap during the hearing if it was going to be used against him.  (*See id.*)  It is

unclear from Plaintiff's brief, however, how this argument dovetails with the ALJ's discretion to order a consultative examination.

An ALJ has a "duty to fully and fairly develop the record" and "assure that [a] claimant's interests are considered." *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014). But it nonetheless remains the claimant's burden to produce evidence in support of his disability claim. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001) (as amended). Moreover, the "ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (as amended); *see also Reed v Massanari*, 270 F.3d 838, 842 (9th Cir. 2001).

Here, while Plaintiff explains the gap in his medical history, he also avers that the record was sufficient to make the ALJ aware of those circumstances. (*See* Doc. 11-1 at 14.) And, as argued by the Commissioner, the record contains ample evidence of his back pain and related functional capacity. *See, e.g.*, AR 468–95, 498–501, 516–47, 609–14, 621–33. This situation therefore did not "trigger" the ALJ's duty to develop the record by ordering a consultative examination.

## IV.    State Consultants

Finally, Plaintiff argues that the ALJ "erroneously relied on non-treating, non-examining consulting physicians." (Doc. 11-1 at 15.) Plaintiff's substantive

argument is limited, however, to his disagreement with her reliance on "lack of recent medical care." (*Id.*)  This argument fails for the same reason as all of the above: Plaintiff fails to substantively challenge the ALJ's analysis.  While the ALJ cited Plaintiff's lack of recent care in her discussion of the state consultant opinions, she further explained that the consultants' opinions were supported by the medical evidence and Plaintiff's daily activities. *See* AR 26.  The ALJ then provided a litany of record citations to support her conclusion.  Plaintiff does not engage with the substance of that evidence.  As a result, the Court will not either.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the Commissioner's denial of benefits is AFFIRMED.

DATED this 1st day of December, 2021.

Donald W. Molloy, District Judge
United States District Court

13